Mr. Daniel Shue Prosecuting Attorney Twelfth Judicial District
901 South B Street, Suite 209 Fort Smith, Arkansas 72901
Dear Mr. Shue:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). As the attorney for the custodian, your request is based on A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel or employee evaluation records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Your letter indicates that someone has requested several documents under the FOIA, though you do not indicate what, precisely, the request seeks. You have, however, attached several documents that you believe are responsive to the request. You have made two determinations with respect to each document: (1) each document is a personnel record; and (2) the test for the release of personnel records has not been met, which requires you to shield the records from disclosure. You ask whether these two decisions are consistent with the FOIA.
RESPONSE
My statutory duty is to state whether the decision of the custodian of records is consistent with the FOIA. Having reviewed the records, it is my opinion (1) that most of the records have been improperly classified as personnel records; but (2) that, nevertheless, when these records are properly classified, they are still shielded from disclosure under the FOIA; and (3) a few records are personnel *Page 2 
records that must be disclosed, in my opinion. I will set out all the definitions and standards and then apply them to the records you attached.
DISCUSSION
I. General standards governing disclosure.
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
The first two elements appear met in this case. As for the first element, the documents are held by the county, which is a public entity. As for the second element, the FOIA defines "public record" as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.[1]
As I understand it, all the attached documents were created or collected during an informal, internal investigation. Accordingly, in my opinion, all the attached documents reflect the performance of lack of performance of an official function of both the employee creating or providing the document and the supervisor seeking the document. Therefore, in my opinion, these documents are public records and must be disclosed unless some specific exception provides otherwise. *Page 3 
II. Exceptions to disclosure.
The FOIA provides two exceptions for items normally found in employees' personnel files.[2] For purposes of the FOIA, items in employees' files can usually be divided into two mutually exclusive groups: "personnel records"[3] or "employee evaluation or job performance records."[4] The test for whether these two types of documents may be released differs significantly.
When custodians assess whether either of these exceptions applies to a particular record, they must make two determinations. First they must determine whether the record meets the definition of either exception. Second, assuming the record does meet one of the definitions, the custodian must apply that exception's test for disclosure to determine whether the FOIA requires that record be disclosed. *Page 4 
a. Personnel-records exception.
The first of the two most relevant potential exceptions is the one for "personnel records." The FOIA does not define the term "personnel records." But this office has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants.[5] Whether a particular record meets this definition is, of course, a question of fact that can only be definitively determined by reviewing the record itself. If a document meets this definition, then it is open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."[6]
While the FOIA does not define the phrase "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court, inYoung v. Rice, [7] has provided some guidance. To determine whether the release of a personnel record would constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test, which weighs the public's interest in accessing the records against the individual's interest in keeping the records private. The balancing takes place with a thumb on the scale favoring disclosure.
To aid in conducting the balancing test, Young v. Rice developed a two-step approach. First, the custodian must assess whether the information contained in the requested document is of a personal or intimate nature such that it gives rise to greater than deminimus privacy interest.[8] If the privacy interest is merelyde minimus, then the thumb on the scale favoring disclosure outweighs the privacy interest. Second, if the information does give rise to a greater than de minimus privacy interest, then the custodian must determine whether that interest is *Page 5 
outweighed by the public's interest in disclosure.[9] Because the exceptions must be narrowly construed, the person resisting disclosure bears the burden of showing that, under the circumstances, his privacy interests outweigh the public's interests.[10] The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is irrelevant to the analysis because the test is objective.[11]
Whether any particular personnel record's release would constitute a clearly unwarranted invasion of personal privacy is always a question of fact.[12]
Even if a document, when considered as a whole, meets the test for disclosure, it may contain discrete pieces of information that have to be redacted. Some items that must be redacted include: dates of birth of public employees (Op. 2007-064); social security numbers (Ops. 2006-035, 2003-153); medical information (Op. 2003-153); any information identifying certain law enforcement officers currently working undercover (A.C.A. § 25-19-105(b)(10)); driver's license numbers (Op. 2007-025); insurance coverage (Op. 2004-167); tax information or withholding (Ops. 2005-194, 2003-385); payroll deductions (Op. 98-126); banking information (Op. 2005-195); unlisted telephone numbers (Op. 2005-114); home addresses of most public employees (A.C.A. § 25-19-105(b)(13)); personal e-mail addresses (Op. 2004-225); and marital status of employees and information about dependents (Op. 2001-080).
b. Employee-evaluation exception.
The second potentially relevant exception is for "employee evaluation or job performance records," which the FOIA likewise does not define. But this office has consistently opined that the phrase refers to records that were created by (or at the behest of) the employer that detail the employee's performance or lack of *Page 6 
performance on the job.[13] This exception includes records generated while investigating allegations of employee misconduct that detail incidents that gave rise to an allegation of misconduct.[14]
If a document meets the above definition, the document cannot be released unless all the following elements have been met:
 1. The employee was suspended or terminated (i.e., level of discipline);
 2. There has been a final administrative resolution of the suspension or termination proceeding (i.e., finality);
 3. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (i.e., relevance); and
 4. The public has a compelling interest in the disclosure of the records in question (i.e., compelling interest).[15]
As for the final prong, the FOIA never defines the key phrase "compelling public interest." But two leading commentators on the FOIA, referring to this office's opinions, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the *Page 7 
employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.[16]
These commentators also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists, [17] which is always a question of fact that must be determined, in the first instance, by the custodian after he considers all the relevant information.
The primary purpose of this exception is to preserve the confidentiality of the formal job-evaluation process in order to promote honest exchanges in the employee/employer relationship.[18]
III. Application.
We can now apply the foregoing to the attached documents. As I understand it, some of the documents were created at the behest of the employer to evaluate an employee, which makes these documents employee-evaluation records. These records appear to include the documents titled "Statement" or those that begin by referring to "giving a statement." As employee-evaluation records, they cannot be released unless all the elements listed above are met. It appears that, at a minimum, the level-of-discipline and the finality elements have not been met. Accordingly, these documents cannot be released. *Page 8 
The remaining documents are personnel records. The two e-mails are personnel records of the senders, in my opinion. And the multi-page log is a personnel record of the person who created it.[19] Because the release of the e-mails do not constitute a clearly unwarranted invasion of personal privacy, in my opinion, they must be disclosed.
But some information on these two documents may need to be redacted. Under the Young v. Rice balancing test described above, the public has a significant interest in knowing whether an elected public official is allegedly engaging in conduct that hampers his or her office from being professional and effective. The public's interest in knowing the identities of the aggrieved employees, however, is minimal, in my opinion. Under the circumstances described in the documents, to the extent that the public disclosure of the allegations contained in the log could embarrass or humiliate the alleged victim/employees, theYoung v. Rice balancing test likely requires that the custodian redact all information that could be used to identify a particular aggrieved employee.[20] This applies equally to the log and the e-mails.
In conclusion, the custodian has (1) classified all the attached documents as personnel records that (2) are excepted from disclosure. In my opinion, given the foregoing analysis, both these decisions are mistaken. As for the classification decision, while some of the records are personnel records, most are employee-evaluation records. As for the disclosure decision, the personnel records must be *Page 9 
disclosed (with certain redactions) and the employee-evaluation records must be withheld.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN MCDANIEL Attorney General
[1] A.C.A. § 25-19-103(5)(A) (Supp. 2009).
[2] This office and the leading commentators on the FOIA have observed that personnel files usually include: employment applications; school transcripts; payroll-related documents such as information about reclassifications, promotions, or demotions; transfer records; health and life insurance forms; performance evaluations; recommendation letters; disciplinary-action records; requests for leave-without-pay; certificates of advanced training or education; and legal documents such as subpoenas. E.g., Op. Att'y Gen. 97-368; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 187-89 (m m Press, 5th ed., 2009).
[3] A.C.A. 25-19-105(b)(12): This subsection states: "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter. . . . [p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
This subsection states: "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[4] A.C.A. § 25-19-105(c)(1): "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[5] See, e.g., Op. Att'y Gen. No. 1999-147; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT, p. 187 (Arkansas Law Press, 5th ed., 2009).
[6] A.C.A. § 25-19-105(b)(12) (Supp. 2009).
[7] Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992).
[8] Id. at 598, 826 S.W.2d at 255.
[9] Id., 826 S.W.2d at 255.
[10] Stilley v. McBride,332 Ark. 306, 313, 965 S.W.2d 125, 128 (1998).
[11] E.g., Op. Att'y Gen. Nos. 2001-112, 2001-022, 94-198.
[12] Op. Att'y Gen. Nos. 2006-176, 2004-260, 2003-336, 2003-201, 98-001.
[13] Op. Att'y Gen. 2004-012 (and opinions cited therein).
[14] Id.
[15] A.C.A. § 25-19-105(c)(1) (Supp. 2009); Op. Att'y Gen. 2008-065.
[16] Watkins Peltz,supra, at 217-18 (footnotes omitted).
[17] Id. at 216 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.").
[18] Cf. Op. Att'y Gen. 96-168; Watkins Peltz,supra, at 204.
[19] Because this log was not created by or at the behest of the employer, it cannot be an employee evaluation record. Instead, it was made part of the informal investigation after the document's creator submitted it to the employer. See generally Op. Att'y Gen. Nos. 2005-032 ("[T]he fact that a previously created record is later used in an internal investigation of an employee does not transform the record into an employee evaluation/job performance record."); 2002-326 ("[A] document generated at an aggrieved employee's own instigation and subsequently conveyed to the employer constitutes a `personnel record'. . . .").
[20] See generally Op. Att'y Gen. 2004-012 ("I will note that the public's strong interest in disclosure of the documents would appear to hinge on the mayor's alleged conduct, not on the identity of the employee in question. In my opinion, this distinction might support redacting the employee's name, as well as any other information that might identify the employee, under the Young test.").